SANTIAGO ET AL., DEMANDANTES Y APELANTES, v. SOMONTE ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 2ª., en un caso sobre nulidad de testamento y otros extremos.

No. 1065.—Resuelto en abril 24, 1914.

DESESTIMACIÓN DE APELACIÓN — ALEGATO DEL APELANTE — ESPECIFICACIÓN DE ERRORES—ERRORES FUNDAMENTALES.—Cuando, como en el presente caso, la parte apelante no cumple con los preceptos de los artículos 42 y 43 del reglamento de este tribunal especificando separadamente los errores en apoyo del recurso y no consta de los autos error fundamental alguno, debe desestimarse la apelación.

NULIDAD DE TESTAMENTOS—CAUSAS NO ALEGADAS EN LA DEMANDA—PRUEBAS.—No habiendo alegado los demandantes como causa de nulidad del testamento en litigio la falta de capacidad mental y física de la testadora, la corte sentenciadora no cometió error al denegar la admisión de pruebas tendentes a establecer dichas causas y al no considerarlas como fundamento de nulidad.

PRUEBA CONTRADICTORIA—APRECIACIÓN DEL TRIBUNAL SENTENCIADOR.—La apreciación de la prueba por el tribunal sentenciador no puede constituir motivo de revocación de la sentencia apelada o para declarar que hubo error fundamental, a menos que se demuestre que la corte actuó movida por parcialidad, apasionamiento o prejuicio, o que hubiera habido una omisión palpable en considerar el peso de la prueba.

NULIDAD DE TESTAMENTO—PRUEBAS—PRESUNCIÓN A FAVOR DE LOS DOCUMENTOS
NOTARIALES.—Existe una presunción poderosa a favor de la validez de los
documentos notariales y cuando se ataca un testamento otorgado ante notario
y éste ha fallecido es necesario presentar prueba clara de su nulidad.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Hugh R. Francis.*

Abogados de los apelados: *Sres. Alvarez Nava & Domínguez.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Las reglas 42 y 43 de este tribunal prescriben que el apelante deberá incluir en su alegato una exposición de los errores en que funda su recurso y que dichos errores se consignarán separadamente pues de lo contrario no será tomados en consideración a menos que sean fundamentales. En el caso sometido a nuestra consideración no existe ninguna exposición de errores que propiamente pueda ser considerada como tal si bien el apelante ha presentado dos alegatos. En tales condiciones debe desestimarse la apelación a no ser que exista algún error fundamental.

Los apelantes en su primer alegato discuten la cuestión relativa a la omisión de la corte en admitir cierta prueba referente a la capacidad mental y física de la testadora Carmen Santiago y Jiménez para poder otorgar un testamento. También se hace referencia en una parte del segundo alegato a esta condición en que se encontraba la testadora. Pero la incapacidad de ésta para otorgar un testamento no es uno de los motivos en que se funda la nulidad del testamento y por tanto no se cometió error alguno en no admitir la prueba o por dejarse de considerar este fundamento de nulidad.

Si bien el apelante en su segundo alegato enumera siete u ocho motivos de nulidad, el error que ha dado origen a la discusión se refiere únicamente al conflicto en la prueba. Según la jurisprudencia constante de este tribunal la apreciación de la prueba por la corte sentenciadora no podía constituir motivo de revocación o para declarar que hubo error fundamental, a menos que la corte hubiera actuado movida por

parcialidad, apasionamiento o prejuicio, o que hubiera habido una omisión palpable en considerar el peso de la prueba. La corte en su opinión declara probado que el testamento otorgado por la testadora Carmen ·Santiago en diciembre 17 de 1902, fué suscrito por el Dr. Manuel Jïménez Cruz a nombre de la testadora, quien no pudo hacerlo por su estado de debilidad; por Miguel Morales, Tomás Novoa y Manuel G. García como testigos·y por el Notario José A. Cajas; que según la teoría de la demanda en el otorgamiento del testamento no se guardaron todas las formalidades establecidas por la ley puesto que los datos necesarios para dicho testamento fueron suministrados al notario no por la testadora misma sino por su esposo Odón Somonte, alegándose también otros motivos de nulidad semejantes entre los cuales hay una imputación de fraude cometido por el marido. La corte declara probado que en un pueblo como el de Caguas el otorgamiento de un testamento en las condiciones referidas en la demanda y por algunos de los testigos era seguro que habría de producir una honda sensación; que no obstante el conocimiento que tenían de los hechos los interesados y demás testigos, han dejado transcurrir tantos años sin atacar los actos criminales o cuasi-criminales del esposo Odón Somonte habiendo esperado para ello que ocurriera la muerte de él y del notario que redactó el documento; que algunos de estos interesados se encontraron presentes en la fecha del otorgamiento del testamento habiendo sido testigo uno de ellos en ese testamento; que no obstante haber permanecido tanto tiempo en silencio, estos testigos al cabo de 10 años recuerdan los más mínimos detalles que tuvieron lugar en el otorgamiento de dicho· testamento. En vista de todo esto así como del hecho de que los demás testigos que no tenían ningún interés en el testamento declaran que éste se otorgó con todas las·formalidades prescritas por la ley, la corte se vió obligada a resolver el caso en contra de los demandantes. No existe indicio alguno de que mediara algún motivo indebido en estas conclusiones de la corte y especialmente porque los autos revelan al ser examinados

que existó un conflicto sustancial en la prueba. El Dr. Jiménez Cruz, Tomás Novoa, y otros declaran que el testamento fué otorgado en debida forma. Además, existe una fuerte presunción en favor del acto ejecutado bajo la fe del notario y en este caso ya había fallecido este funcionario. Estimando este tribunal que no ha habido error fundamental alguno, debe desestimarse la apelación por no haberse agregado a los autos una exposición de los errores cometidos por la corte inferior.

*Desestimada la apelación.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro y Aldrey.

Presentada moción de reconsideración por la parte apelante fué ésta denegada sin opinión en mayo, 19, 1914.